I am constrained to regard the fault as wholly on the part of the Hansa. The decree must, therefore, be affirmed.

HANSBROUGH (UPTON v.). See Case No. 16,801.

## Case No. 6,039.

### In re HANSEN.

[2 N. B. R. 211 (Quarto, 75).] [1]

District Court, S. D. New York. 1869.

BANKRUPTCY—DISCHARGE—SPECIFICATIONS OF FRAUD.

Vague and general specifications reciting fraud, &c., will not be allowed in opposition to discharge.

John T. Wilson, Alexander Simpson and James W. Emery, trading under the firm name of John T. Wilson & Company, of 73 Fulton street in the city and county of New York and state of New York, creditors, having proved their debt against the estate of said Hans J. Hansen a bankrupt, and having received notice of his petition for a discharge from his debts, do hereby oppose the granting of said discharge, and for the grounds of such opposition do file the following specification: First. That said bankrupt has wilfully sworn falsely in his affidavit annexed to his petition, schedule and inventory in relation to a material fact concerning his estate, in swearing that said schedule contains a true statement of the property owned by him, and that he has no property not mentioned in said schedule; the fact being that said bankrupt has real estate not mentioned in said schedule, which is owned in trust for him and liable for his debts, and to be sold for the benefit of his creditors. Second. That he has concealed a part of his estate, namely, said real estate. Third. He has been guilty of fraud in delivery of his property to his assignee. Fourth. That he has made fraudulent preferences.

BLATCHFORD, District Judge. The specifications filed in opposition to a discharge are too vague and general to be triable. A discharge is granted.

HANSEN v. The LOUISIANA. See Case No. 8,537.

HANSEN (MAJOR v.). See Case No. 8,982.

## Case No. 6,040.

### HANSON v. COX.

[Hayw. & H. 167.] [2]

Circuit Court, District of Columbia. Feb. 19, 1844.

ACTION AGAINST AN ADMINISTRATRIX.

1. An administrator, by omitting to return an inventory, is not chargeable with the whole amount of a creditor's claim, and the burden of proof is upon the creditor to show the amount of assets which came into the administrator's hands, even when the administrator has neglected to account.

2. It is the duty of an executor, upon the death of the testator, to take possession of the personal property of the deceased, but not to dispose of it. He may sue for it, provided he takes out letters of administration before trial.

3. If an executor be also a devisee or residuary legatee, and enter generally into possession of the property, he does it as an executor, not as a devisee.

4. Any time before an executor distributes or disposes of the property of a testator, and continues to hold the property as such, even after the expiration of twelve months, is early enough for a creditor to commence an action to recover a debt due from the testator.

5. Where an administrator refuses to account after a creditor has shown in an action against him that he has sufficient in his hands to satisfy the creditor's claim, the administrator cannot be allowed to discharge himself by showing payments without showing his receipts.

This action was brought [by Andrew Hanson] against the defendant [Mary Ann Cox] as administratrix of William Cox, deceased, for the board, maintenance and clothing of a female child, the slave of the said William Cox, in the sum of $500.

Brent & Brent, for plaintiff.
Jos. H. Bradley, for defendant.

The jury brought in a verdict for $300. Judgment for assets ascertained to be due was $300 and costs, without interest; and the cause was referred to W. Redin, the auditor to ascertain and report whether there are sufficient assets to satisfy the judgment. The defendant, through her counsel moved for a new trial. THE COURT overruled the motion.

The following is the report of the auditor:

The subscriber reports that William Cox, by his will dated the 31st of July, 1839, devised and bequeathed to his wife, Mary Ann Cox, and her heirs, all his real, personal and mixed property, in trust, to be applied, in the first place in payment of his funeral expenses and just debts, and then to be held for the benefit of herself for life, and after her death for his children. He appointed his said wife, executrix, and directed that she should not be required to give security as such. On the 13th of August, 1839, Mrs. Cox obtained letters testamentary, and entered into the usual administration bond duly to administer. The above suit was brought against her on 3d of August, 1841, as administratrix, and judgment obtained for $300, on the 28th of August, 1843. Mrs. Cox has not returned any inventory to the orphans' court of the property which came to her hands, nor settled any account there. Citations have been several times issued by the court requiring her to do so. She has not shown to the auditor the amount of assets; but has declined to exhibit the state of her accounts, and to admit that anything came to her hands.

---

[1] [Reprinted by permission.]
[2] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]